UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | Cr. No. 12-14(RMC) |
| V. | : | |
| OSCAR RAMIRO ORTEGA-HERNANDEZ | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

The defendant moves the Court for on order to compel the production of a report prepared by the United States Secret Service Report concerning the events of November 11, 2011. For all the reasons set forth herein, it is very likely that the report, entitled "Enhancements Initiated Following November 11, 2011" (Report) will contain evidence material to the preparation of the defense in this case. In further support of this motion, the defendant provides the following:

**INTRODUCTION**

Defendant Oscar Ortega-Hernandez is charges with a series of offenses arising out of events alleged to have taken place on November 11, 2011, when shots were reportedly fired from a vehicle traveling in the 1600 block of Constitution Avenue, N.W. and allegedly struck portions of the White House.

During discovery, the defense team requested the production of all law enforcement reports concerning the November 11, 2011 incident pursuant to Rule 16 of the Federal Rules of Criminal Procedure, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). By letter dated March 7, 2013, the Government noted that there was a six-page

report generated by the United States Secret Service (USSS) concerning this event, but refused to provide a copy of that report because:

> "The report does not contain any description of your client's attack on the White House on November 11, 2011. Furthermore, the report does not contain any references to your client, either by name or by your client's attack on the White House to the President, the First Family, or the Presidential staff. Instead, the report contains details about additional enhancement the USSS has undertaken to safeguard the lives of the President, First Family, and Presidential staff since the attack. Accordingly, we do not believe the report falls within our discovery obligations . . .".

See The Government's March 7, 2013 letter is attached as Exhibit 1.

## ARGUMENT

The defense disagrees with the Government's assessment and requests this Court to compel the Government to produce the Report. At a minimum, this Court should review the Report *in camera* and inquire of the Government the basis of the assessments made by the USSS in the Report. This is not a case where the Government has alleged a privilege, see In re Sealed Case, 121 F.3d 729 (D.C. Cir. 1997)(Executive and deliberative process privilege) or has expressed fear for witness safety. See United States v. Pray, 764 F.Supp. 2d 184 (D.C.Cir. 2011)(no disclosures if witness safety is an issue). Rather, the Government merely claims that the Report does not contain any exculpatory evidence nor has favorable information to assist the defense.

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) directs the government to produce documents that are "material to preparing the defense." Information is material under Rule 16 "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." United States v. Lloyd, 992 F.2d 348, 351 (D.C.Cir. 1993). In addition, in the pretrial setting, Brady requires disclosure of any information "favorable to the

accused ... without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial." United States v. Singhal, 876 F.Supp. 2d 82, 103 (D.D.C. 2012)(internal quotations omitted). See also United States v. Safavian, 233 F.R.D. 12, 16 (D.D.C. 2005). Information is favorable to the accused if it "relates to guilt or punishment" and "tends to help the defense by either bolstering the defense case or impeaching potential prosecution witnesses." Id.

The Government is obligated to disclose information that is exculpatory *or* may led the defense to other material or witnesses that would be of use in preparation for trial. United States v. Harrison, 524 F.2d 421 (D.C. Cir. 1975)(holding that witness notes must be disclosed even if the witness does not testify at trial because the notes could contain substantive information or leads to other information of use to the defense). "[C]ourts in this jurisdiction look with disfavor on narrow readings by prosecutors of the government's obligations under Brady." United States v. Edwards, 191 F.Supp.2d 88, 89–90 (D.D.C. 2002).

Any assessment made by the USSS on the safety and security of the President, the First Family and the White House staff - as well as the basis of those conclusions are material to the defense preparation. The USSS is tasked to protect the President of the United States. When a threat of any kind is perpetuated on the President, the USSS investigates the threat and learns from the facts how to adjust its efforts to ensure the safety of the President. The defense has every reason to believe that the Report prepared after the November 11, 2011 events contained some assessment of the actual threat presented to the President. A prior report prepared by the Secret Service concerning an attack on the While House when President Clinton was in office contains such an assessment. See http://www.fas.org/irp/agency/ustreas/usss/t1pubrpt.html

(Public Report of the White House Security Review detailing incidents at the White House and the security of the President).

Since the defendant is accused of attempting to kill the president, any assessment(s) made by the USSS on the peril of those individuals in the White House at the time of the shooting would be relevant to the defense in this case because at a minimum it would be relevant to issues of the motive and specific intent of the defendant. If the USSS determined that the President, the First Family and the White House staff were never in fear or danger, it would undermine the Government's theory in this case and fall squarely within Brady and its progeny. United States v. Wilson, 720 F.Supp.2d 51, 65 (D.D.C. 2010)(information that weakens the government's theory of the case is potentially exculpatory under Brady). The determination of the USSS of this incident will distinguish the shooting as one of an inadvertent act with unfortunate consequences from a serious threat to the life of the President or those individuals at the White House.

Given that the President was not in Washington, D.C. on November 11, 2011 and the shoots were alleged to come from a moving vehicle at night some 700 yards away from the White House the bullet traveling across the Ellipse and through the path of various obstacles before striking the White House, there seems to be little doubt that no serious threat to the President was found and this conclusion should be disclosed. Similarly, the extent and nature of any safeguards imposed by the USSS is material to the preparation of the defense in this case. If the shoots came from outside of the security perimeter established by the USSS and only minimal or administrative changes were made to safeguard the White House, this limited response would be of use to the defense in preparation for trial. Thus, this Report will provide material that will aid in the preparation of the defense or led to information that would be material to the defense.

Finally, it seems to the defense unlikely that the Report fails to mention the defendant or the November 11, 2011 incident, but nonetheless concludes that additional safeguards are needed to protect the President, the First Family and Presidential staff members.  Even if there is nothing concerning the November 11, 2011 incident in the Report, there is a duty for the prosecutors in this case to discover the basis for the USSS assessment and the whether law enforcement believed the President, First Family or White House staff were in jeopardy as a result of the November 11, 2011, shooting incident.  <u>United States v. Andrews</u>, 532 F.3d 900, 906 (D.C. 2008)("Hence, to comply with Brady, the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police [citations omitted]").

## CONCLUSION

WHEREFORE, the defendant asks this Court to grant the defendant's motion to compel the production of the Report or, at a minimum, review the Report *in camera* and make the proper inquiry of the Government.

/s/ *Robert A. Spelke*
Robert A. Spelke
The Law Office of Robert A. Spelke
1614 20th Street, N.W.
Washington, D.C. 20009
DC Bar Number 393785
ras@spelkelaw.com

On behalf of the Oscar Ortega
Trial Team

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent, via the Electronic Filing System, to all counsel of record this 5th day of August 2013.

*/s/Robert A. Spelke*
Robert A. Spelke