### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No.  12-CR-00014 (RMC)** |
| **v.** | : | |
| | : | |
| **OSCAR R. ORTEGA-HERNANDEZ** | : | **Trial Date:  September 30, 2013** |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### FIRST MOTION TO CONTINUE THE TRIAL DATE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its response to the defendant Oscar Ramiro Ortega-Hernandez's First Motion to Continue the Trial Date (Document 44) (hereinafter "Motion to Continue").  For the reasons stated below, the United States defers to the Court about whether a continuance is warranted in this case.

Oscar Ramiro Ortega-Hernandez ("Ortega-Hernandez" or "the defendant") was arrested in Indiana, Pennsylvania, on November 16, 2011.  The defendant first appeared in this district on November 21, 2011, before United States Magistrate Judge Alan Kay.  At the defendant's initial appearance, the government requested Ortega-Hernandez be held without bail pending trial in this matter.

On November 2, 2012, after the case had been pending for almost a year, Ortega-Hernandez retained new counsel in the case.  On November 6, 2012, the defense requested a trial be set in this matter.  The Court and the government raised concerns regarding the defendant's request for a trial so soon after being retained.  Nevertheless, the Court set a trial date of September 30, 2013.  The Court also set an evidentiary hearing date of September 6, 2013.

At a status hearing on January 18, 2013, the defense indicated it would be filing numerous legal motions. The Court requested that legal motions be filed on an ongoing basis, but no later than August 1, 2013 so as to not delay trial in the case.

Following the status hearing, this Court issued a pretrial order (Document 26) requiring that all legal motions be filed "no later than August 1, 2013." In an accompanying footnote, the Court wrote, "the parties shall endeavor to file pretrial legal motions as soon as practicable. When possible the Court will schedule a hearing prior to the September 6, 2013, hearing to address pretrial motions." Ct. Order at 1 n.1 (Jan. 18, 2013).

Despite this Court's order, Ortega-Hernandez did not file any legal motions prior to August 1, 2013 deadline. Instead, Ortega-Hernandez requested to extend the filing time, and filed five legal motions on August 6, 2013. The United States has reviewed the defendant's five legal motions, and is finalizing its response to all of them. The United States further submits that all five of them, as well as the four legal motions filed by the government, can be resolved at the September 6, 2013 hearing, or earlier if practicable. Moreover, once these motions are resolved, the parties would still have sufficient time to prepare for trial. The United States does not believe that resolution of these legal motions is a reason to delay the trial in this case.

In his Motion to Continue, the defendant also argues that he needs additional time to "finalize arrangements with a firearms expert, or perhaps engage the service of other expert witnesses." Mot. to Continue at 2. This argument is equally unpersuasive as a basis to continue the trial date. Since the inception of this case, the defendant has been aware that the United States intends to use expert witnesses in proving its case. Indeed, in the probable cause hearing on December 19, 2011, the United States elicited testimony concerning fingerprint, ballistic, trajectory, and gunshot residue analyses completed by FBI Laboratory personnel. The United

States has provided expert reports to the defense in discovery productions on December 19, 2011, February 8, 2012, and May 31, 2012. The defense has raised the issue of the government's use of expert witnesses in letters dated December 15, 2011, December 20, 2012, and January 7, 2013, as well as before the Court on January 18, 2013. The United States responded to each and every one of the defense's requests. Moreover, the United States provided notice pursuant to Rule 16(a)(1)(G) of expert witnesses it may call at trial on April 8, 2013 and May 8, 2013. To assist the defense further, on June 27, 2013, the United States voluntarily identified a list of eight expert witnesses it intended to call at trial. In short, the United States has at every turn complied with its obligations and met its deadlines with respect to expert witnesses under Rule 16.

Despite this fact and this Court's Order requiring identification of expert witnesses by August, the defense has not provided the government with notice of <u>any</u> expert witness it intends to call in this case during the more than ten months in which the case has been set for trial. Moreover, the defense has not provided the government with <u>any</u> expert witness reports or written summaries of expert testimonies it intends to use at trial as required by Rule 16(b) of the Federal Rules of Criminal Procedure. It is precisely for these reasons that the United States filed its Motion in Limine to preclude the defense from calling any expert witnesses (Document 35). As one judge in this district has held, "[t]he interest of a fair and efficient administration of justice counsels against opting to delay the trial due to the defendant's failure to abide by the rules designed to facilitate a fair exchange of relevant materials." <u>United States v. Gray-Burriss</u>, 2012 WL 5193679, *1 (D.D.C. Oct. 17, 2012) (Roberts, J.).

In his Motion to Continue, the defense also cites travel and illness as a reason to delay the trial in this matter. The United States is unaware of the nature or extent of any travel or illness of

the defense, so cannot respond whether these reasons form an appropriate basis to continue the trial in this case.  Accordingly, the United States will defer to the Court on this ground.

Finally, the defense indicates that additional reasons for delaying the trial will be submitted ex parte and under seal.  Obviously, the United States is not aware of those sealed, ex parte reasons, and will accordingly defer to the Court on whether any of them form an appropriate ground for continue the trial in this case.

## CONCLUSION

For the reasons stated above, the United States defers to the Court about whether a continuance of the September 30, 2013 trial date is warranted in this case.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447-889

By: _____

GEORGE P. VARGHESE
Special Assistant United States Attorney
ALESSIO D. EVANGELISTA
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(617) 748-3237 (Varghese)
(202) 252-7247 (Evangelista)