

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 10, 2013

**FILED**

**SEP 18 2013**

Clerk, U.S. District and
Bankruptcy Courts

<u>VIA E-MAIL</u>
Robert Spelke, Esq.
Robert Feitel, Esq.
Sandi Rhee, Esq.
The Law Office of Robert A. Spelke
1614 20th Street, N.W.
Washington, D.C 20009

      Re:    <u>United States v. Oscar Ramiro Ortega-Hernandez</u>
             Criminal Case No. 12-00014 (RMC)

Dear Counsel:

      This letter sets forth the full and complete plea offer to your client, Oscar Ramiro Ortega-Hernandez (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer expires on Thursday, September 12, 2013, and your client must enter his plea in Court by Friday, September 13, 2013.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

    I.    <u>**Charges and Statutory Penalties**</u>

      Your client agrees to plead guilty to Count Five in the Superseding Indictment, charging him with Injury to a Dwelling and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States, in violation of Title 18, United States Code, Section 1363, and Count Eleven of the Superseding Indictment, charging him with Using, Carrying, and Discharging a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A).

O.R.O

Your client understands that a violation of Title 18, United States Code, Section 1363 carries a maximum sentence of twenty years of imprisonment; a fine of up to $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client further understands that a violation a Title 18, United States Code, Section 924(c)(1)(A), carries a maximum sentence of life imprisonment; a mandatory minimum sentence of ten years imprisonment; a fine of up to $250,000, pursuant to 18 U.S.C. § 3571(b)(3); and a term of supervised release of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1). Also the term of imprisonment for Count Eleven must be consecutive to any other sentence imposed by the Court.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

## II. Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that, prior to or during the plea hearing, your client will sign and return the Statement of Offense as a written proffer of evidence.

## III. Additional Charges

Upon acceptance of this Plea Agreement by the Court and at the time of your client's sentencing, the Government will request that the Court dismiss the remaining seventeen counts in the Superseding Indictment. Your client agrees that any and all dismissed charges were based in fact, and your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119, Title VI (Nov. 26, 1997), and will not file any claim under that law.

After the entry of your client's plea of guilty to the offense identified in paragraph (1) above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

B.R.O

## IV. Sentencing Guidelines Analysis

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A. Estimated Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply to Count Five of the Superseding Indictment:

| | | |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 7 |
| 2B1.1(b)(1)(F) | Loss greater than $70,000 | +8 |
| 2B1.1(b)(14) | Conduct involved risk of injury/use of firearm | +2 |
| | Pre-Adjustment Total | 17 |
| 3A1.4(a) | Terrorism Adjustment (+12 levels or minimum level 32) | +15 |
| | **Total Adjusted Offense Level** | **32** |

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Plea Agreement.

In accordance with the above, the applicable **Guidelines Offense Level will be at least 30**.

O.R.O

### B. Estimated Criminal History Category

Based upon the information now available to this Office, your client has the following criminal convictions: unlawful possession of alcohol by a minor (ID 2010); resisting/obstruction/false reporting to a law enforcement officer (ID 2010); petit larceny ID 2008); and he was on probation at the time of this offense. Accordingly, based on these facts, your client is estimated to have five criminal history points and your client's Criminal History Category is estimated to be III.

However, because your client is pleading guilty to Count Five of the Superseding Indictment, which is a felony that involved, or was intended to promote, a federal crime of terrorism, pursuant to U.S.S.G. § 3A1.4, your client's **Criminal History Category is VI**.

### C. Estimated Applicable Guidelines Range

Based upon the applicable Guidelines Offense Level and the Criminal History Category set forth above, your client's estimated Sentencing Guidelines range is 168 to 210 months for Count Five of the Superseding Indictment, and 120 months for Count Eleven of the Superseding Indictment, for a total estimated Sentencing Guidelines Range of **288 to 330 months** (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine for Count Five, at Guidelines level 30, the estimated applicable fine range is $15,000 to $150,000.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided infra.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Plea Agreement. Should your client commit any conduct after the execution of this Plea Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Plea Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### D. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

O.R.O

### E. Reservation of Allocution

Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. Your client understands that the Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The Government also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Plea Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### F. Court Not Bound by the Plea Agreement or the Sentencing Guidelines

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

### V. Conditions of Release

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that your client be detained without bond pending your client's sentencing in this case, pursuant to 18 U.S.C. § 3143.

*O.R.B*

### VI. Waivers

#### A. Waiver of Venue

Your client waives any challenge to venue in the District of Columbia.

#### B. Waiver of Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

#### C. Waiver of Trial Rights

Your client represents to the Court that his attorneys have rendered effective assistance. Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal his conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up his right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws his guilty plea or withdraws from this Agreement after signing it. Your client waives any right to claim that statements made

O.R.O

before or after the date of this Agreement, including the Statement of Offense accompanying this Agreement, can be excluded under Rule 410 and Rule 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence. Your client understands that the date for sentencing will be set by the Court.

### D. Waiver of Appeal Rights

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or applicable guidelines range, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Your client reserves the right to make a collateral attack upon your client's sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.

### E. Waiver of Collateral Attack

Your client also waives any right to challenge his sentence or otherwise attempt to modify or change his sentence or the manner in which it was determined in any collateral attack, including, but not limited to: (a) a motion brought under 28 U.S.C. § 2255, except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel in entering into this Plea Agreement; (b) a motion brought under 18 U.S.C. § 3582(c)(2); and (c) a motion brought under Fed. Rule of Civ. Pro 60(b).

### F. Waiver of Privacy Act and FOIA Rights.

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## VII. Use of Self-Incriminating Information

The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-

O.R.O

incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" Agreement by the parties.

## VIII. Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A.

Payments of restitution shall be made to the Clerk of the Court. Your client agrees to submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that the financial statement and disclosures will be complete, accurate, and truthful.

Your client expressly authorizes the U.S. Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs the participation or imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

## IX. Breach of Agreement

Your client understands and agrees that, if after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this

O.R.O

Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw this guilty plea.

*O.R.O* (initials)

## X. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to us no later than **Thursday, September 12, 2013**.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney

By: _____
George P. Varghese
Special Assistant United States Attorney

Alessio D. Evangelista
Assistant United States Attorney
National Security Section

O.R.O

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

Date: 9/13/13

OSCAR RAMIRO ORTEGA-HERNANDEZ
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, OSCAR RAMIRO ORTEGA-HERNANDEZ, and fully discussed the provisions of the Agreement with my client. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9/13/13

Robert Spelke, Esq.
Robert Feitel, Esq.
Sandi Rhee, Esq.
Attorneys for OSCAR RAMIRO ORTEGA-HERNANDEZ

O.R.O